UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEIK SALAAM EL,

     Plaintiff,

v.

                                      CASE NO. 3:25-cv-1358-JEP-SJH

AUTO LOUNGE OF FLORIDA, LLC,
et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"). Doc. 2. For the reasons stated herein, the undersigned **recommends** that the Application be **denied** and that this case be **dismissed without prejudice**.

### I.    Background

Plaintiff filed his Complaint for a Civil Case ("Complaint"), Doc. 1, along with the Application, on November 17, 2025. On December 2, 2025, the undersigned entered an Order ("Prior Order") taking the Application under advisement and, after identifying multiple issues and deficiencies to address and cure, directing that Plaintiff had until December 23, 2025, to: (i) file an amended complaint in accordance with the Court's instructions and all applicable rules; and (ii) either pay the applicable filing fee or file an amended application to proceed *in forma pauperis* ("IFP"). Doc. 3. The Prior

Order also warned that Plaintiff's failure to do so would likely result in a recommendation that the Application be denied and that this action be dismissed without prejudice. *Id.* at 8-9. Plaintiff has not paid the applicable filing fee or filed an amended application to proceed IFP, an amended complaint, or anything else in response to the Prior Order.

## II.     Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] The Court should also order repleading *sua sponte* if presented with a

---

[1] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Fed. R. Civ. P. 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true"

pleading that does not comply with the Federal Rules of Civil Procedure ("Rule(s)"). *See Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[2]

### III.   Analysis

As explained in the Prior Order, even liberally construed, the Application and Complaint are each deficient. *See* Doc. 3. At the outset, the Application is insufficient as certain questions are left blank. *See id.* at 1-2. The Prior Order thus directed Plaintiff to either pay the filing fee or file an amended application to proceed IFP, with all questions properly completed. *Id.* at 2, 8.

Moreover, even assuming Plaintiff meets the financial criteria to proceed IFP, as the Prior Order explained, the Complaint, even liberally construed, is deficient and does not comply with Rules 8 and 10. *Id.* at 4-6 & n.3.[3] For example, the Complaint is

---

but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted). A complaint that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023). "Shotgun"

the "quintessential 'shotgun'" pleading as it "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Crosby v. Fla.*, No. 3:22-cv-67-MMH-LLL, 2022 WL 195312, at *2 (M.D. Fla. Jan. 21, 2022). The Complaint also improperly lumps together various allegations against multiple defendants without clarifying the alleged actions or inactions of each. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023) ("The lumping of defendants does not give any defendant fair notice of the allegations brought against that defendant.").[4] The Prior Order thus directed Plaintiff to file an amended complaint curing the deficiencies identified in, and consistent with the instructions in, the Prior Order.  Doc. 3 at 4-9.[5]

---

pleadings are strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-58 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023). Complying with the rules of procedure includes not filing shotgun pleadings, and thus *pro se* shotgun pleadings are also forbidden. *See Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *6-7 (11th Cir. July 18, 2024); *see also Mikov v. Vill. of Palm Springs, Fla.*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024); *Mathis*, 2023 WL 2568814, at *4; *LaCroix*, 627 F. App'x at 818-19. "It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings"; rather, shotgun pleadings are subject to dismissal. *Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024); *see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2-3 (11th Cir. June 21, 2023).

[4] The Prior Order further explained that, to the extent discernable, the Complaint did not appear to have adequately alleged a claim over which this Court has jurisdiction. Doc. 3 at 6-7. But Plaintiff's failure to correct the shotgun deficiencies in the Complaint or otherwise comply with the directives in the Prior Order makes further discussion of these additional issues unnecessary.

[5] The Prior Order did not purport to address all potential deficiencies in the Complaint. Nor does this Report and Recommendation.

Notably, the Prior Order provided an opportunity to cure the identified deficiencies, if possible, by directing Plaintiff to file an amended pleading and to pay the filing fee or file an amended application to proceed IFP by December 23, 2025. *Id.* at 1, 8-9. The Prior Order also expressly warned that a failure to do so would likely result in a recommendation that the Application be denied and this case be dismissed without prejudice. *Id.* at 8-9. However, Plaintiff did not pay the filing fee or file an amended application to proceed IFP, did not file an amended complaint, and did not otherwise attempt to cure the deficiencies noted in the Prior Order. Therefore, the undersigned recommends that the Application be denied and that this case be dismissed without prejudice. Accordingly, it is respectfully **recommended** that:

1.   The Application (Doc. 2) be **denied**.

2.   This case be **dismissed without prejudice**.

3.   The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P.

72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on January 14, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Jordan E. Pratt

*Pro se* Plaintiff

6